## CHAPLIN v. HOLMES.

MARRIED WOMEN—*When may sue alone.*—Where the action concerns the separate property of a married woman, she may sue alone.

CLOUD UPON TITLE—*In proceedings, affidavit not required.*—In a proceeding to remove cloud or doubt from title, the affidavit required by the statute to be filed before action for the recovery of land, or the possession thereof, is not required.

SAME—*What complaint must allege.*—The party must allege, in his complaint, either that he is in possession, or some other fact, which renders it impossible for him to vindicate his title at law.

SAME—*Color of title in defendant.*—The complaint should allege, by way of recital, or otherwise, such facts, under which defendant claims, as would give defendant some color of title, or such *prima facia* evidence of title as to require proof of extraneous facts to avoid them.

COUNTY COURTS—*Action of, when void.*—The holding of a county court at a time other than that prescribed or authorized by law, and all proceedings thereunder, are *coram non judice* and void.

APPEAL FROM CHICOT CIRCUIT COURT.

HON. HENRY B. MORSE, *Circuit Judge.*

*Garland & Nash*, for Appellant.

The demurrer should have been sustained. The statute is positive in requiring the affidavit to be made. *See Gould's Dig., Chap.* 106, *Secs.* 6-9; and this statute has been sustained and enforced in such a case as this: *Craig vs. Flanigin,* 21 *Ark.,* 319. This decision standing, the case should be reversed: *Pope vs. Mason,* 23 *Ark.,* 644.

*English, & English*, for Appellee.

*First.* A married woman may sue alone where the action concerns her separate property. *See Code, Sec.* 42. And, independent of the Code, she may bring a bill respecting such property: *Story Eq. Sec.* 63.

*Second.* It was not necessary in a bill of this character for complainant to aver that she was in actual possession of the lands. The averment of title was sufficient: *Bonnell vs.*

*Roane*, 20 *Ark.*, 120, and cases cited; *Ringold vs. Waggoner*, 14 *Ark.*, 69; *Mitchell and Wife vs. Etter et al.*, 22 *Ark.*, 178; *Shell et al. vs. Martin*, 19 *Ark.*, 139.

*Third.* As to the statute of limitations, it will not avail by demurrer, unless it appears from the face of the bill that the remedy or relief sought is barred: *Story Eq. Pl.* 503-506-751. It will not apply where it appears from the bill that the complainant is a married woman. *See Acts* 1868, *Sec.* 57, *p.* 277.

*Fourth.* As to the objection that no affidavit was filed before the issuing of the writ, it is sufficient answer to say that the want of affidavit is never grounds for demurrer to a pleading. See cases collected in *Rose's Dig. p.* 621.

HARRISON, J.—This was a complaint in equity, in the Chicot Circuit Court, by Rebecca A. Holmes, the wife of Newland Holmes, against Hanson W. Chaplin, the object of which was to set aside and cancel two tax deeds, and remove the clouds of the same from her title.

The substance of the complaint was, That she is the owner of certain lands in Chicot county, as her separate property, which were assessed in the year 1866, in the name of John B. Robinson, a non-resident; that the taxes not having been paid, nor the lands offered for sale, on the second Monday in March, 1867, the judge, and other members of the County Court, assuming to hold a special term of the court on the third day of June, 1867, passed an order that the collector of taxes should offer the lands for sale on the 26th day of August, following; that in pursuance of such order, they were offered by the collector, on that day, and bought by the defendant for $128, the aggregate sum of the taxes, penalty and costs, which the defendant paid, and he received, from the collector, a certificate of purchase; that on the 29th day of May, 1868, the collector made the defendant a deed for the lands, falsely reciting therein, a sale for the same taxes and at the same sum, on the 15th day of April, 1867; that the plaintiff not having redeemed the lands within one year from the day of sale, the

collector, upon the application of the defendant, on the 30th day of December, 1868, executed another deed to him for them, in conformity with the sale.

The complainant further alleged that the plaintiff had tendered to the defendant the money which he paid for the lands, and one hundred *per centum* thereon, with interest on the whole sum from the sale, and that he had refused to receive the same; and then charged that the deeds were clouds upon her title, and prayed that they should be cancelled and the clouds removed.

The defendant demurred to the complaint, and assigned the following grounds therefor: 1. That the plaintiff's husband was not made a party to the suit. 2. That she did not, before the commencement of the suit, file with the clerk an affidavit that she had tendered to the defendant the full amount of all taxes and costs which he had paid on account of the lands, with interest on the same, at the rate of one hundred *per centum*, the amount first paid, and twenty-five *per centum* per annum upon all costs and taxes paid upon them since, and the value of the improvements the defendant had made, and that the same had been refused. 3. That it was not alleged or shown in the complaint that the plaintiff was in possession of the land; and 4. That there was no equity in the complaint.

The court overruled the demurrer, and rendered a decree in accordance with the prayer of the complaint.

The first objection raised by the demurrer may be readily disposed of. The Code of Civil Practice, *Section* 42, expressly provides that a married woman may sue alone, where the action concerns her separate property.

The second is equally as untenable. If such an objection could, in suits of the nature of the present, the object of which is not the recovery of the land or the possession thereof, but simply to clear the title from doubt and clouds, in any manner avail, it certainly could not by demurrer, which will only lie for objections apparent upon the face of the com-

plaint, either from the matter inserted or omitted therein, or from defects in the frame or form thereof: *Story Eq. Plead.*, *Sec.* 448. But it will plainly be seen, by a reference to the statute, that such an affidavit is required only in actions for the recovery of the land, or for the possession thereof: *Sections 6-9, Chap.* 106, *Gould's Digest.*

The third, according to the decision in *Apperson & Co. vs. Ford et al.*, 23 *Ark.*, 74, and *Danley vs. Byers et al.*, *ante*, was well taken. We do not wish to be understood, however, as deciding that a party, out of possession, can in no case, or under no circumstances, maintain a suit to dispel clouds from his title; we only mean to assert the very plain proposition that he must allege, in his complaint, that or some other fact which renders it impossible for him to vindicate his title by an action at law.

The fourth and remaining ground of demurrer is the general one of want of equity in the complaint.

Were the complaint not liable to the objection just noticed, it does not, we conceive, present a case for relief, or show that the deeds operate as an injury to the plaintiff.

The power of the collector to sell land for taxes, not being a general authority to sell, but only at the time and in the manner prescribed by the statute, a sale at any other time or in any other manner would be a nullity. *Black on Tax Titles*, 46; *McDermott vs. Scully*, *ante*, and the cases there referred to. By *section* 136, *Chapter* 148, *Gould's Digest*, it is provided that if, from any cause, the collector should fail to sell on the second Monday in March, the County Court may order him to sell on some other day, to be fixed by it. Did the court make such an order? To answer this question we must first determine whether a County Court can be held at other times than those fixed by law for the terms thereof, or, in other words, can there be a special or called term of the County Court?

The terms of the County Court of Chicot county, as established by the Legislature, are held on the third Mondays in

January, April, July and October, and no provision is made
for holding any other, or a special or called term. In *Dunn
vs. The State*, 2 *Ark.*, 229, it was held that the law having
fixed the time for holding the Circuit Courts, they could not
be held at any other, except in the special cases expressly
provided for; a doctrine as applicable to the county as the
Circuit Courts—*expressio unius est exclusio alterius.*

There being then no authority for holding a special term
of the County Court, the order or proceeding under which
the sale was made was *coram non judice* and void.

The complaint, except as we have stated, contains no alle-
gations in respect to the recitals in the deeds, and although
copies of them are filed as exhibits, we may not refer to them
to ascertain what they recite. *Newman's Plead: and Practice*,
250 ; *Allen and Wife vs. Shortridge*, 1 *Duval*, 34; *Hill vs. Bar-
rett*, 14 *B. Monroe*, 83. If they contain only such as are con-
sistent with the facts alleged, they are void upon their face,
and give no color of title to the defendant, and there is
nothing in the complaint which even tends to show that they
do. To operate to the detriment of the plaintiff they must
contain such *prima facie* evidence of title as to require proof
of extraneous facts to avoid them.

Chancellor Walworth, in *Van Doren vs. Mayor, etc., of New
York*, 9 *Paige*, 389, said: "A valid legal objection, appearing
upon the face of the proceedings through which the adverse
party can alone claim any right to the complainant's land, is
not in law such a cloud upon the complainant's title as can
authorize a court of equity to set aside or stay such proceed-
ings. That can never be considered a legal cloud which can
not for a moment obstruct the unaided rays of legal science,
when they are brought to bear upon the supposed obscurity.
But where the claim of the adverse party to the land is valid
upon the face of the instrument, or the proceedings sought to
be set aside, as where the defendant has procured and put
upon record a deed obtained from the complainant by fraud,
or upon an usurious consideration which requires the estab-

OF THE STATE OF ARKANSAS.

lishment of extrinsic facts to show the supposed conveyance to be inoperative and void, a court of equity may interfere and set it aside as a cloud upon the real title to the land." *Livingston vs. Hollenback*, 4 *Barb.*, 9 ; *Van Rensalaer vs. Kidd*, *Ib.*, 17 ; *Simpson vs. Lord Howden*, 3 *My. & Craig*, 97.

The demurrer should have been sustained and the complaint dismissed. The decree is reversed.