## SIMS *v.* YOUNG.

### Opinion delivered November 19, 1906.

BILL OF EXCEPTIONS—SUFFICIENCY OF CERTIFICATE OF JUDGE.—Where a bill of exceptions was signed by the circuit judge with a statement that the same was signed with the understanding that all valid objections and corrections which may or can be urged by opposing counsel may be made, but without certifying to its accuracy, the authentication was insufficient to bring the exceptions on the record.

Appeal from Sebastian Circuit Court; *Styles T. Rowe,* Judge; affirmed.

*G. S. Evans,* for appellant.

*Ira D. Oglesby,* for appellee.

PER CURIAM. Appellee moves to strike out the bill of exceptions and to affirm the case. This is the authentication of the bill of exceptions: "Wherefore the defendant tenders this his bill of exceptions, together with the stenographer's official report of the case at the time, which is signed and sealed by the court, and ordered to be made a part of the record. This bill of exceptions presented on the 18th day of November, 1905, and the time for filing expires on tomorrow, the same is signed with the distinct understanding that any and all valid objections which may or can be urged by counsel for plaintiff may be done, and any and all corrections which should be made shall be made."

(Signed)                                    "STYLES T. ROWE, Judge."

"The object of the statute in requiring the circuit judge to sign a bill of exceptions is to furnish a certain test of its accuracy." *Kansas City, S. & M. Rd. Co.* v. *Oyler,* 51 Ark. 280. This bill of exceptions is not signed in token of the accuracy of the proceedings therein contained, but in order that it may be filed before the expiration of the time limit, and the judicial power is not exercised, but reserved to be exercised thereafter. It expressly negatives that it contains a true memorial of the proceedings, and shows that the judge did not intend it to be accepted as importing absolute verity, but treated the signing and filing as purely formal. In *Kansas City, S. & M. Rd. Co.* v. *Oyler, supra,* the judge's statement showed more confidence in the bill of exceptions than this statement does, but like this one it lacked the essential element—a certification to its verity as the judicial act of the presiding judge—and the court, through Chief Justice COCKRILL, said: "But, as he was unwilling to accept the bill as a true narrative of the proceedings and sign it for the purpose of evidencing that fact, it did not serve the office of bringing the exceptions upon the record." The same is true of this bill, and there are no questions raised which are presented by the record proper, wherefore the judgment is affirmed.