WILLIAMS v. GRIFFITH.

Opinion delivered November 20, 1911.

BILL OF EXCEPTIONS—EFFECT OF QUALIFIED APPROVAL.—Where the judge signed a bill of exceptions but immediately following his signature added the words: "Proper corrections to be made if any necessary," and attested the latter by his initials, the certificate was a qualified one and insufficient to bring up the matters therein contained for review.

Appeal from Fulton Circuit Court; *Eugene Lankford,* Judge, on exchange; affirmed.

*Lehman Kay* and *Downie & Streepey,* for appellant.

*J. L. Short* and *Da id L. King,* for appellees.

PER CURIAM. Appellee moves to strike out the bill of exceptions on the ground that it was not properly certified by the trial judge. An examination of the bill of exceptions shows that within the time allowed by the court it was duly presented to the judge, who signed it, but immediately following his signature added the words: "Proper corrections to be made, if any necessary," and attested the latter by his initials.

We have held that a bill of exceptions must be an unqualified certificate of the trial judge that the matters and things therein contained are true. A qualified certificate is insufficient. *Kansas City, S. & M. Rd. Co.* v. *Oyler,* 51 Ark. 280; *Sims* v. *Young,* 81 Ark. 65; *Huff* v. *Citizens' Nat. Bank,* 99 Ark. 97.

In *Sims* v. *Young, supra,* the trial judge certified the bill of exceptions as follows: "Wherefore, the defendant tenders this his bill of exceptions, together with the stenographer's official report of the case, which is signed and sealed by the court and ordered to be made a part of the record. This bill of exceptions, presented on the 18th day of November, 1905, and the time for filing expires on tomorrow, the same is signed with the distinct understanding that any and all valid objections which may or can be urged by counsel for plaintiff may be done, and any and all corrections which should be made, shall be made." The court held that this certificate was a qualified one and insufficient for the purpose of bringing the record up for review.

In *Huff* v. *Citizens' Nat. Bank, supra,* the judge signed the bill of exceptions and added, as in the present case, an indorsement of the words: "Signed subject to approval on examination." This court held that the certificate was insufficient, saying that "it is not a sufficient certificate of the circuit judge that the bill of exceptions is correct, but, on the contrary, the certificate shows that a further examination of the same is to be made to test its accuracy."

The present case can not be distinguished from those cited. The language of the indorsement is substantially the same as

that of the trial judge in *Sims* v. *Young, supra,* where the judge certified that the bill of exceptions "is signed with the distinct understanding that any and all valid objections which may or can be urged by counsel for plaintiff may be done, and any and all corrections which should be made shall be made." That was equivalent to certifying that all proper corrections would subsequently be made. It is insisted by counsel that the present case may be distinguished, because the statement which precedes the signature of the judge is to the effect that the bill of exceptions is "examined, found correct, and is by the court signed, sealed and made a part of the record in this cause." It will be observed that substantially the same certificate was made in *Sims* v. *Young, supra,* the only difference being that the qualified certificate preceded the signature of the judge, while in the present case the signature was preceded by the unqualified certificate and then followed by the certificate qualifying it. The court is of the opinion, however, that this does not distinguish the two cases, for the indorsement made by the trial judge at the time he signed the bill of exceptions shows that he intended to qualify his certificate and leave the record open for correction.

The bill of exceptions is insufficient, and will be stricken out.

Appellant's abstract and brief has been filed, and it is not insisted that there is any error appearing upon the face of the record outside of the bill of exceptions, so an affirmance of the judgment must necessarily follow, and it is so ordered.