## CARNEHAN *v.* PARKER.

### Opinion delivered February 26, 1912.

1. BILL OF EXCEPTIONS—WHO SHOULD SIGN.—A bill of exceptions can be signed only by the judge before whom the case was tried and the exceptions made, and one not so signed is a nullity, and can not be noticed. (Page 441.)

2. SAME—OBJECT OF JUDGE'S SIGNATURE.—The object of the statute in requiring the trial judge to sign the bill of exceptions is to furnish a certain test of its accuracy. (Page 441.)

3. SAME—SUFFICIENCY OF SIGNATURE.—Where the special judge who tried a cause refused to sign the bill of exceptions as tendered to him, but wrote a letter offering to do so when certain inaccuracies were corrected, such letter will not be considered a certificate of the accuracy of the bill in other respects nor a signing thereof. (Page 441.)

Appeal from Ashley Circuit Court; *Paul G. Matlock,* Special Judge; affirmed.

### STATEMENT BY THE COURT.

Appellee brought suit against appellants upon three promissory notes made by H. O. Scott and indorsed by Carnehan and Chestnutt, appellants, alleging that said Scott was indebted to him and to secure the payment of the indebtedness executed said notes so indorsed for the amount specified; that same are due and unpaid; and attached copies to the complaint.

Appellants answered, admitting that they had indorsed the notes sued on, and alleged that Scott was the cashier of

appellee Parker's Oil & Gin Company, and as such had embezzled the sum of $3,600, and that Parker was threatening and about to prosecute him for embezzlement, and, "in order to compromise said felony, the said Parker agreed with said Scott that if he (the said Scott) would execute the notes in the complaint mentioned, with their indorsement, then said prosecution would be compromised, and said Scott not prosecuted for said felony;" that said notes were executed for that purpose, and that the compounding of the felony and the agreement of Parker not to prosecute Scott was the sole and only consideration for the execution and indorsement of the notes.

Testimony was introduced, and the jury were instructed by the court, and afterwards returned a verdict in favor of appellee for the amount sued for. From this judgment appellants appealed.

*Geo. W. Norman*, for appellant.

*Thomas Compere*, for appellee.

There is no bill of exceptions in this case. It was not signed by the presiding judge. 51 Ark. 279; 72 Ark. 320; 37 *Id.* 372; 71 *Id.* 577; 87 *Id.* 543; 42 *Id.* 488; 71 *Id.* 82; 38 *Id.* 217.

KIRBY, J., (after stating the facts). It is contended by appellee that there is no bill of exceptions in the record, and that therefore the judgment must be affirmed. What purports to be a bill of exceptions, with a certificate for the signature of the judge, was included, but the judge who tried the case did not sign said certificate nor the bill of exceptions at all. The purported bill of exceptions recites that it was presented to the Hon. Paul G. Matlock, special judge, who presided in the case, within the time allowed for its preparation for signature, and contains his letter giving his reasons for not signing it, as follows:

"Fordyce, Ark., Sept. 14, 1911.
"Judge G. W. Norman, Hamburg, Ark.

"Dear Judge—Yours containing bill of exceptions to hand. On examination I find myself unable to sign the same because:

"1. Your instructions numbered 1, 2, and 3 were overruled, but no exceptions were saved.

"2. The court gave the instruction quoted as the law in the case, which was accepted as the law in the case by both sides, no exceptions being saved by either side.

"Brother Compere filed an exception or protest of some kind to have your motion for a new trial corrected, but no action was taken; yet I think it should be in the bill of exceptions:

"Amend the transcript to conform, and I will gladly sign it.

"Yours very respectfully,

"Paul G. Matlock."

It is contended by appellant that said letter amounts to an approval of the bill of exceptions, except as to the giving and overruling of instructions and saving of exceptions thereto, and that the affidavits of certain members of the bar who were present at the trial, also included, show the court's rulings and exceptions saved.

It has long been held that a bill of exceptions can only be signed by the judge before whom the case was tried and the exceptions made, and that one not so signed is a nullity and can not be noticed. *Watkins* v. *State,* 37 Ark. 370; *Turner* v. *Collier, Ib.* 530; *Cowall* v. *Altchul,* 40 Ark. 172; *Bullock* v. *Neal,* 42 Ark. 278.

The object of the statute in requiring the trial judge to sign the bill of exceptions is to furnish a certain test of its accuracy, and his certificate must be an unqualified statement that the matters and things contained therein are true. *Kansas City, S. & M. Rd. Co.* v. *Oyler,* 51 Ark. 280; *Huff* v. *Citizens Bank,* 99 Ark. 97; *Williams* v. *Griffith,* 101 Ark. 84.

The letter of the special judge who tried the case is not only not a certificate that the matters contained in the bill are true, but a refusal to sign same at all because it did not correctly state the facts relative to the giving and refusing of instructions and saving of exceptions thereto. If appellants did not desire to correct the bill to conform to his view, after being advised by his letter, they should have insisted upon his signing the same in any event. If he had struck out, before signing, any matters that they thought the bill should rightfully contain, he should have so certified, and appellants could then have preserved the excluded matters by affidavits of the bystanders. *Boone* v. *Goodlett,* 71 Ark. 577; *Fordyce* v. *Jackson,* 56 Ark. 601.

Said letter of the trial judge can in no wise be considered a certificate of the accuracy and verity of the bill of exceptions nor a signing thereof. It was not signed by the judge who tried the case, and was a nullity; and if such defect can be cured by the affidavits of bystanders, it was not done in this instance. The bill of exceptions being a nullity, it can not be considered for any purpose by this court, and without such consideration it is not possible to review the case for errors occurring upon the trial, nor as to the sufficiency of the testimony. It follows that the judgment must be affirmed.