GRAYSON-McLEOD LUMBER COMPANY v. JOHNSON.

Opinion delivered April 1, 1912.

1. APPEAL AND ERROR—BILL OF EXCEPTIONS—CONCLUSIVENESS.—Where the appellant filed a bill of exceptions which he insists, on appeal, is a complete transcript of the testimony, he at least is bound by it. (Page 268.)

2. APPEAL AND ERROR—CONCLUSIVENESS OF RECITALS OF BILL OF EXCEPTIONS.—Where plaintiff sued for the statutory penalty for nonpayment of his wages for the month of February, a bill of exceptions, signed by the trial judge, which recited that a tender of such wages was made in due time will not be conclusive where the evidence, contained in the bill of exceptions, shows that such tender was not made until a later time. (Page 268.)

3. MASTER AND SERVANT—PENALTY FOR DISCHARGE.—A master is not relieved of liability for the statutory penalty for failure to pay the wages of a discharged servant because the servant had not vacated a house on the master's premises. (Page 268.)

Appeal from Clark Circuit Court; *Jacob M. Carter,* Judge; affirmed with modification.

*John H. Crawford,* for appellant.

1. After a bill of exceptions has been filed in the office of the clerk within the time fixed by the court, it is subject to be amended so as to speak the truth, as any other record of the court is subject to be so amended. 53 Ark. 250; 59 Ark. 54, 60; 52 Pac. 571; 37 Pac. 153. Where a court stenographer neglects and refuses to furnish the appellant with a transcript of the evidence within the time limited by the court for filing the bill of exceptions, and the appellant is thereby forced to file an incomplete or skeleton bill of exceptions, in order to be within the time, to deny him the privilege of amending this incomplete record by proper *nunc pro tunc* order would place an appellant at the mercy of the court stenographer.

2. If the bill of exceptions was improperly amended, the record is still sufficient to call for a reversal.

McCULLOCH, C. J. Appellee instituted this action to recover from appellant an amount alleged to be due him as wages while working in the latter's service, and also to recover as penalty the amount of wages after the date of his discharge. He was getting $2.50 per day and alleges that he had not been paid for eleven and three-fourths days' work during the month of November, 1909, and ten and two-thirds days in the month of February, 1910. He was discharged on March 5, 1910.

Appellant in its answer denied that it owed wages for the month of November, 1909, but alleged that it had paid the wages due for that month, and that within seven days after appellee's discharge the amount of February wages had been tendered to him, and that he had refused to accept same. The amount was tendered in court.

The jury found in favor of appellee for the February wages, and assessed the penalty of $2.50 per day for sixty

days, and the effect of the verdict was, of course, a finding against appellee as to the November wages.

Appellant's motion for a new trial was overruled, and ninety days was given in which to file bill of exceptions. Within that time a skeleton bill of exceptions was filed, not containing the stenographer's transcript of the testimony, and that was not furnished until after the expiration of the time limit. Since that time the court, on appellant's motion, entered an order *nunc pro tunc* amending the bill of exceptions so as to incorporate the stenographer's transcript of the evidence. This is brought here by stipulation of counsel, reserving appellee's right to insist that the bill of exceptions could not be amended to incorporate the stenographer's transcript.

The state of the record is such that we can dispose of the case without passing upon the question of the power of the court to amend the bill of exceptions in that way. The bill of exceptions, which was duly signed by the judge, contains the following recital:

"This cause was tried upon the theory that the wages for the month of February, 1910, which were sued for in this action, amounting to the sum of $26.05, were admitted by the defendant to be due to the plaintiff, and it was conceded that that sum had been tendered in due time by the defendant to the plaintiff, and that the said tender was refused by the plaintiff when made because the November, 1909, wages had not also been tendered, and also that the said tender had been kept good, and was paid into the registry of the court in this action by defendant with its answer."

This recital, which amounts to a certificate on the part of the trial judge that it was conceded that the amount of the February wages was tendered by appellant in apt time, necessarily shows that the judgment was wrong, and calls for a reversal, for the jury found in appellant's favor as to the November wages, and the February wages were tendered in apt time, that is, within seven days after demand, and the tender was kept good. Then there can be no recovery of penalty. If this were all, we would reverse the case and remand it for a new trial without considering any other part of the record. But appellant has brought a record here which it insists is a correct transcript of the testimony, and

we must hold that appellant at least is bound by it. According to the testimony thus presented, it discloses enough to warrant the jury in finding that appellee was discharged on March 5, that he demanded his wages on that day, and payment was refused, and that no tender was made until April 2, thus warranting the jury in assessing a penalty of the amount of the stipulated wages for twenty-eight days. This being the condition of the record, we will not remand the case for a new trial, but will modify the judgment and affirm it to the extent that the verdict is sustained by sufficient evidence. The evidence tends to show that appellant refused to pay the February wages when demanded on the ground that appellee had not vacated a house on its premises. This was not sufficient excuse to justify a refusal to pay earned wages, and penalty was properly assessed for the refusal to pay. Under the statute seven days is given after demand for payment, and, unless payment of the earned wages is made within that time, the wages continue from the date of the discharge, and not merely from the date of the demand.

The judgment will be modified to allow appellee the amount of February wages, as found by the jury, and also as a penalty wages for twenty-eight days after March 5, at $2.50 a day, making $70 penalty, and as thus modified the judgment will be affirmed. It is so ordered.