## Barry *v.* White Drug Company.

### Opinion delivered July 7, 1913.

1. APPEAL AND ERROR—NECESSITY FOR BILL OF EXCEPTIONS.—Where there is no bill of exceptions, the insufficiency of the evidence as a ground for reversal can not be considered. (Page 123.)

2. BILL OF EXCEPTIONS—SIGNATURE OF JUDGE.—A part of a transcript, to be a bill of exceptions, must be an unqualified certificate of the trial judge that the matters and things contained therein are true; the signature of the judge is indispensable. (Page 123.)

3. BILL OF EXCEPTIONS—REQUISITES—INDORSEMENT OF COUNSEL.—Under section 1, page 192, of Laws of 1911, providing that the parties might agree in writing as to the correctness of a bill of exceptions, by indorsement thereon by counsel of record, the certificate of counsel that the writing was a copy of all the evidence in the cause, is insufficient when it does not contain objections to the

admission and exclusion of testimony and exceptions to rulings thereon. (Page 124.)

Appeal from Faulkner Circuit Court; *Eugene Lankford,* Judge; affirmed.

*S. W. Rogers,* for appellant.

*G. W. Bruce* and *A. C. Martin,* for appellee.

The office of a bill of exceptions is to bring into the record not only the evidence adduced at the trial but also all objections or exceptions to the rulings of the trial court upon the admission or rejection of testimony or the effect thereof, or to the giving or rejection of instructions, as well as to bring into the record the instructions given and refused, and all other matters material to the decision of the case, which are not a part of the record proper, occurring in the progress of the trial. Such a bill of exceptions must be authenticated by the certificate of the trial judge, attesting its correctness, and filed with the clerk of the court within the time allowed; otherwise there is no bill of exceptions. 42 Ark. 488; 91 Ark. 566; 93 Ark. 316; 99 Ark. 97; 101 Ark. 84; 102 Ark. 439; 145 S. W. (Ark.) 887; *Id.* 888; 148 S. W. (Ark.) 496.

The authentication of a bill of exceptions must be unqualified; hence, an agreement by counsel, under authority of the act of 1911, that ''The within is copy of all *evidence* taken at the within trial,'' is not sufficient to authenticate a *bill of exceptions.* 99 Ark. 97; 101 Ark. 84.

*S. W. Rogers,* for appellant in reply.

When a bill expressly purports to set out the evidence it will be presumed to do so, unless it appears from the contents of the bill that portions are omitted. 27 Miss. 379. A recital is sufficient if it shows by reasonable construction that none of the evidence is omitted. Hence, a substantial endorsement is sufficient. 9 Ark. 480; 7 Ark. 548; 36 Ark. 500; 49 Ark. 364; 36 N. E. 452. A certification that all the evidence is contained is not

absolutely essential. The fact may be shown by the recitals of the bill itself. 38 Ark. 102; 137 Ill. 580; 6 Ill. 418; 12 Ill. 74; 28 Ill. 135.

SMITH, J. On January 25, 1912, the appellee, White Drug Company, by R. D. White, executed four promissory notes of $37.50 each to the order of the American Manufacturing Company, a corporation organized under the laws of the State of Tennessee. Said notes were due and payable in three, four, six and seven months respectively from date, and were all attached to a printed order form for certain goods and advertising matter. On the margin of this order was written in large black type: "These notes are to be detached only by. the American Manufacturing Company." Appellee ordered the goods and executed the notes with the express understanding that the manufacturing company execute their bond in the sum of $150, guaranteeing to appellee the faithful performance of their part of the contract. The bond was executed and delivered, and soon after the acceptance of the order and notes the manufacturing company detached the notes from the order forms and before the maturity of any of them sold them to appellant.

The first of these notes was paid at maturity, but the remaining three were each presented at maturity but appellee refused to honor them. The notes were protested and returned, whereupon appellant brought suit for $123.45, which represented the aggregate of the three notes and protest fees. The appellant claimed to be an innocent purchaser of the notes for value and before maturity, but this was denied by appellee, and the cause was tried upon that issue. The court instructed the jury, defining an innocent purchaser and declaring his rights as such, and the jury returned a verdict for the appellee, and from the judgment of the court pronounced thereon this appeal is prosecuted. Appellant insists that the court erred in its instruction to the jury submitting the question as to whether appellant was in fact an innocent purchaser, for the reason, as contended

by him, that there was no evidence to support a finding that he was not an innocent purchaser.

The grounds urged by appellant's counsel for a reversal of the case can not be considered by the court in the absence of a bill of exceptions, setting forth the facts upon which he relies. *Madison County* v. *Maples,* 103 Ark. 44, 145 S. W. 887; *Carnehan* v. *Parker,* 102 Ark. 439; *Huff* v. *Citizens Nat. Bank,* 99 Ark. 97. Beginning with page numbered 1 of the transcript, there is what purports to be a bill of exceptions and the writing copied into the transcript bears that caption and at page 28 of the transcript and at the conclusion of the instrument, denominated a bill of exceptions, there appears a blank certificate in proper form attesting the fact that it is a true and correct bill of exceptions. But this instrument is not signed by the judge and therefore can not be treated as a certificate to the bill of exceptions. "We have held that a bill of exceptions must be an unqualified certificate of the trial judge that the matters and things therein contained are true. A qualified certificate is insufficient." *Williams* v. *Griffith,* 101 Ark. 84. Here there is no certificate whatever by the trial judge. Following this unsigned bill of exception are a number of pages containing the transcript of the record before the justice of the peace and a number of exhibits to depositions and following these exhibits is the following certificate: "Agreement of attorneys, the within is a copy of all of the evidence taken in the within trial. Signed Bruce & Bruce, A. C. Martin, attorneys for defendant; S. W. Rogers, attorney for plaintiff." It is contended that this certificate makes a proper bill of exceptions under the act of April 28, 1911, entitled "An Act to regulate the practice incident to appeals to the Supreme Court in certain cases." This act reads as follows:

"Section 1. In all cases, except indictments charging a felony, where the parties to an action agree in writing upon the correctness of a bill of exceptions by endorsement thereon, signed by one or more counsel of record of the respective parties, it shall be the duty of

the clerk of the court, in which the case is pending, to at once file such agreed bill of exceptions and the same shall become a part of the record as fully, completely and effectively as though approved, signed and ordered filed by order of the court or judge trying the cause.

"Provided, said bill of exceptions is filed within the time fixed by the court for filing the same." .

Does this certificate comply with the terms of this act? Prior to its passage a bill of exceptions was signed either by the trial judge, or in certain cases might be attested by bystanders, and this act is intended to provide another method by which bills of exceptions may be agreed upon and become a part of the record. But litigants may avail themselves of the benefits of this act only by complying with its requirements. There is nothing about this act which rendered it unnecessary to incorporate into the bill of exceptions anything which was formerly required to be incorporated. And its effect is simply to provide that when this has been done the parties may agree to its correctness, whereupon it becomes effective as such without the signature of the judge trying the same, provided it is filed within the time limited for filing. The bill of exceptions is primarily a notation of the objections made in the progress of the trial and exceptions preserved to adverse rulings by the trial judge thereon. The bill of exceptions should not only contain the evidence, but the objections that were made to the introduction or rejection of testimony and exceptions to adverse rulings thereon. It also contains the instructions that were given and those that were refused and the objections to rulings made by the court on such instructions and the exceptions preserved to adverse rulings thereon. It is essential that all these matters should be properly brought forward in a bill of exceptions and that there should be attached to this bill of exceptions the signature of the judge trying the case, or the agreement of the attorneys of record verifying its correctness. The certificate of the attorneys here is that the paper writing is a copy of all the evidence taken at the

trial and this certificate would not be sufficient if signed by the trial judge, and does not meet the requirement of the act set out above, which undertakes to dispense with the necessity of the trial judge's signature.

It appears therefore that there is no bill of exceptions, and, in accordance with many decisions of this court, the judgment of the court below will be affirmed.