BROWN & HACKNEY *v.* COVINGTON.

Opinion delivered December 3, 1917.

1.  APPEAL AND ERROR—BILL OF EXCEPTIONS—SUFFICIENCY OF JUDGE'S SIGNATURE AND APPROVAL.—A bill of exceptions was signed by the trial judge, and after his signature appeared the following: "Signed subject to change if found to be incorrect or incomplete." *Held,* the certificate was insufficient to bring up the record.
2.  APPEAL AND ERROR—JUDGE ON EXCHANGE—APPROVAL OF BILL OF EXCEPTIONS.—Where a cause is tried by a judge sitting on exchange, he alone can approve the bill of exceptions.

Appeal from Saline Circuit Court; *Scott Wood,* Judge; affirmed.

*E. H. Vance, Jr.,* for appellant.

Argues the merits of the cause.

*N. A. McDaniel* and *W. D. Brouse,* for appellee.

The case was tried before Judge Scott Wood and the bill of exceptions is not properly signed by him. 99 Ark. 97; 51 *Id.* 280; 81 *Id.* 65; 101 *Id.* 84; 102 *Id.* 439; 80 *Id.* 619.

SMITH, J.   The trial of this cause in the court below was presided over by the Honorable Scott Wood, judge of the Eighteenth Circuit, upon an exchange with the Honorable W. H. Evans, regular judge of the Saline Circuit Court, where the cause was tried. Within the time allowed, a bill of exceptions was presented to Judge Wood for his approval, and was signed by him after he had written just above his signature the notation: "Signed subject to change if found to be incorrect or incomplete." Following Judge Wood's signature, the bill

of exceptions was endorsed: "Approved: W. H. Evans, Judge Seventh Judicial District." The trial of the cause was had on March 12 and 13, at which time Judge Wood was presiding. The motion for a new trial was filed March 20, 1917, when Judge Evans was presiding, and the motion was overruled by him on that day.

The Act of March 5, 1909, page 147, which provides that "Where the judge who presided at any trial shall die, become insane or for any other cause become incapacitated before he has signed the exceptions, his successor in office shall allow, or correct, and sign said exceptions," has no application here, because Judge Evans was not the successor of Judge Wood, and Judge Wood had not in any manner become incapacitated from signing and approving the bill of exceptions. Having presided at the trial, it was the duty of Judge Wood to allow and sign the bill of exceptions if one presented for his approval was correct. *O'Neal* v. *State,* 98 Ark. 449; *Carnehan* v. *Parker,* 102 Ark. 441.

Judge Wood did sign the bill of exceptions; but did he also approve it? We must hold that he did not. In the case of *Williams* v. *Griffith,* 101 Ark. 84, it was said:

"Where the judge signed a bill of exceptions but immediately following his signature added the words: 'Proper corrections to be made if necessary,' and attested the letter by his initials, the certificate was a qualified one and insufficient to bring up the matters therein contained for review." See also, *Barry* v. *White Drug Co.,* 109 Ark. 120, 123.

The language employed here is as equivocal as that set out in the case cited, and upon the authority of that case we must affirm the judgment in this for the lack of a proper bill of exceptions, the errors complained of consisting of exceptions appearing in the purported bill of exceptions. It is so ordered.