FREE *v*. JORDAN.

Opinion delivered October 29, 1928.

*Fred M. Pickens,* for appellant.

*Elmo CarlLee,* for appellee.

SMITH, J.   Appellant brought suit in replevin in the court of a justice of the peace on October 31, 1927, to recover possession of a certain dog.   Judgment was rendered in his favor by the justice of the peace, but, at the trial on the appeal in the circuit court, before a jury, a verdict was directed against him, on the ground that his cause of action was barred at the time the suit was brought.

Appellant testified that he owned the dog in question, and that he lost it in the summer of 1924 or the early fall of that year.   He heard that appellee had the dog, and asked appellee about it, telling him that a Mr. Green had said he might have the dog.   Appellee stated that Green was mistaken, and that he did not have the dog.   Appellant later found the dog in appellee's posses-

sion, and, when demand was made, appellee claimed he had bought the dog, and refused to surrender it.

Green testified that he found the dog in the summer or early fall of 1924, and told appellee about having it. Appellee saw the dog while it was in Green's possession. The dog disappeared, and witness had not seen it since.

John Adams testified that he saw the dog at appellee's home, and recognized it as the dog of Arthur Johnston. Appellant testified that he had bought the dog from Arthur Johnston.

The trial court was correct in holding that a suit in replevin is barred unless brought within three years of the date when the cause of action accrues; but it was held, in the case of *Conditt* v. *Holden,* 92 Ark. 618, 123 S. W. 765, that, where there has been a fraudulent concealment of a cause of action, the statute of limitations does not begin to run until the discovery of the fraud. The case cited was a suit in replevin for the possession of a mule, of which the defendant had been in possession for over four years when suit was brought against him to recover the possession.

The jury might have found in the instant case, from the testimony we have summarized, that appellee had concealed from appellant the fact that he was in possession of a dog which he knew appellant claimed.

We conclude therefore that, as was said in *Conditt* v. *Holden, supra,* the question of ownership, as well as the question of fraudulent concealment from appellant of his right of action, should have been submitted to the jury, with directions to find for appellant if it were found that he was the owner of the dog and that appellee had concealed his possession of it from appellant. See 34 Cyc., title, "Replevin;" pp. 1423-1424; *Dee* v. *Hyland,* 3 Utah 308, 3 Pac. 388; *Wells* v. *Halpin,* 59 Mo. 92.

It is urged that there is no proper bill of exceptions presenting the question of fact which we have discussed, for the reason that the caption to the transcript is

entitled: "Pleas before the Hon. S. M. Bone, judge of the Third Judicial Circuit of Arkansas, and before Hon. C. M. Erwin, acting as special judge, * * *" whereas the bill of exceptions was signed by Judge Bone alone.

It is true, as appellee contends, that, where the proceedings occur before different judges, each should sign the bill of exceptions as to the proceedings before him (*Cowell* v. *Altchul*, 40 Ark. 172); but it does not appear that any one presided at the trial except Judge Bone. The certification of the bill of exceptions reads as follows: "I, S. M. Bone, judge of the Third Judicial Circuit of Arkansas, having presided in the trial of the above-entitled cause, and having examined the above bill of exceptions presented to me," etc.

The bill of exceptions appears therefore to be properly certified, and, for the error of directing a verdict in appellee's favor, the judgment must be reversed, and it is so ordered.