SINCLAIR REFINING COMPANY *v.* BURKHOLDER.

4-4536

Opinion delivered October 26, 1936.

*B. F. Donathan, C. W. Knott* and *Daily & Woods,* for appellant.

*Evans & Evans,* for appellee.

PER CURIAM. Appellees, Mrs. Ada Burkholder and others by written motion move this court to strike the order overruling the motion for new trial, the order granting time in which to prepare and file a bill of exceptions, and the order granting appellant an appeal to this court, because not made in conformity to law.

The pertinent facts necessary to a decision of the questions presented are: By express agreement between Judge KINCANNON of the 15th judicial circuit and Judge WOOD of the 12th judicial circuit, exchange of circuits was affected for the purpose of trial and determination of the above numbered and entitled cause. The exchange was consummated and Judge WOOD presided over the Logan circuit court during the trial of said cause which ended on April 2, 1936, by the entry of a final judgment.

For cause not disclosed, Judge Woop caused to be entered in the Logan circuit court on April 2, 1936, an order allowing appellant 10 days in which to prepare and file a motion for new trial. On April 8, 1936, appellant's counsel appeared in the circuit court of Scott county at Waldron, and procured the following order which is the basis of this attack:

"In the Logan Circuit Court, Southern District

"H. A. Tatum, *et al*..........................................................................................Plaintiffs,

v.                                        No. 1981

Sinclair Refining Company...................................................Defendant.

Providence Washington Insurance
    Company ...........................................................................................Plaintiff,

v.                                        No. 1989

Sinclair Refining Company...................................................Defendant.

Sentinel Fire Insurance Company.............................Plaintiff,

v.                                        No. 1992

Sinclair Refining Company...................................................Defendant.

"Consolidated Cause No. 1981

"On this 8th day of April, 1936, at Waldron, Arkansas, is presented the attached motion of the defendant, Sinclair Refining Company, for a new trial, the plaintiff and the defendant being present by their respective attorneys of record. And, being well and sufficiently advised in the premises, the court doth overrule the motion, to which action of the court the defendant at the time excepted, and asked that its exceptions be noted, which is hereby done. And thereupon the defendant prayed an appeal to the Supreme Court, which is granted, and a period of ninety days is granted to the defendant within which to prepare, present and file a bill of exceptions herein.

                 "(Signed)    J. Sam Wood,
                            "Judge on Exchange."

The bill of exceptions on file in this cause, and the appeal lodged here are predicated upon the above quoted order.

The above quoted Scott county circuit court order is null and void upon its face; therefore, there is no proper bill of exceptions and appeal properly lodged in this court, and the motion to strike must be sustained. The quoted order shows upon its face that it was made and entered by the Scott circuit court while in session at Waldron in Scott county, and not in the Logan circuit court where the judgment sought to be appealed from was made and entered. This action of the Scott circuit court was *coram non judice* and void under repeated opinions of this court. *Dunn* v. *State,* 2 Ark. 229, 35 Am. Dec. 54; *Chaplin* v. *Holmes,* 27 Ark. 414; *Graham* v. *Parham,* 32 Ark. 676; *Neal* v. *Shinn,* 49 Ark. 227, 4 S. W. 771; *Williams* v. *Reutzel,* 60 Ark. 155, 29 S. W. 374; *Belford* v. *State,* 96 Ark. 274, 131 S. W. 953; and *Mell* v. *State,* 133 Ark. 197, 202 S. W. 33; L. R. A. 1918D, 480.

But it is earnestly insisted that we should treat the order made by the Scott circuit court as one made by the judge in vacation who presided in the trial of the cause in the Logan circuit court, and § 1314 of Crawford & Moses' Digest is cited in support of this contention.

Prior to 1909 the law in respect to the disposition of motions for new trials in inferior courts of this state was embodied in § 6218 of Kirby's Digest. It provides: "The application for a new trial must be made at the term the verdict or decision is rendered, and, except for the cause mentioned in subdivision seven of § 6215, shall be within three days after the verdict or decision was rendered, unless unavoidably prevented."

By act 291 of 1909, § 6218 of Kirby's Digest was amended, and the amended act now appears as § 1314 of Crawford & Moses' Digest. It reads as follows:

"The application for a new trial must be made at the term the verdict or decision is rendered, and, except for the cause mentioned in subdivision seven of § 1311, shall be within three days after the verdict or decision was rendered, unless unavoidably prevented; provided that

where the verdict or decision is rendered within three days of the expiration or adjournment of the term, a motion for a new trial, with an alternative prayer for appeal to the Supreme Court in case said motion be overruled, may be presented, upon reasonable notice to the opposing party or his attorney of record, to the judge or chancellor, or his successor in office, of the district in which said verdict or decision was rendered, wherever he may be found, at any time within thirty days from the date of the verdict or decision, and such judge or chancellor shall pass upon said motion, and indorse his ruling thereon, upon the back of the motion, either granting the motion or overruling same; and if said motion be overruled he shall also indorse upon said motion, his order granting an appeal to the Supreme Court, and his further order specifying a reasonable time allowed in said cause for filing a bill of exceptions. Upon filing such motion and the judge's order thereon, with the clerk of the court where the cause is pending it shall become a part of the records and files of the cause, and shall have the same legal force, and effect as if same had been filed in term time, as now provided by law.''

It must be conceded that prior to the amendatory act of 1909 the only statutory method of procuring determination of motions for new trials in inferior courts of the State was in the court—not the judge of such court— in which the judgment was entered.

The plain and unmistakable legislative intent as evinced by the amendatory act of 1909 was to afford to aggrieved parties an additional method of procuring determination of motions for new trials—that is to say by the judge in vacation—but this privilege so afforded was expressly conditioned and restricted to such cases as were determined by the trial court during the last three days of the term.

Neither the Logan circuit court order of April 2, 1936, extending the time for filing the motion for new trial, nor the Scott circuit court order of April 8, 1936, reflects that the condition imposed by the act of 1909— namely, that the judgment was entered within three days

of the end of the term of court—ever arose. Indeed, the Scott circuit court order made and entered as aforesaid expressly negatives and contradicts any such idea. It says upon its face that the motion is overruled by the "court," and that exceptions were reserved to the action of the "court" in so doing.

It has been repeatedly held and consistently adhered to by this court that bills of exceptions when properly authenticated, and when approved by the trial courts connote absolute verity. *Hays* v. *Kirby*, 83 Ark. 367, 103 S. W. 1152; *Grayson-McLeod Lbr. Co.* v. *Johnson*, 103 Ark. 266, 146 S. W. 141. No good reason is apparent why the same rule should not apply to court orders upon which such bills of exceptions rest. Compare *Powhatan Zinc & Lead Mining Co.* v. *Hill*, 98 Ark. 519, 136 S. W. 669.

If this be true, and its logic must be conceded, then the Scott circuit court order overruling the motion for new trial, and granting 90 days in which to prepare and file a bill of exceptions imports verity and cannot be contradicted, amended or construed to mean something which its language does not import.

If the conclusions heretofore stated be assailed as technical we reply that the methods and means of perfecting appeals to this court rest with the legislative branch of the State government.

Prior to 1909, aggrieved parties wishing to appeal to this court had but one statutory forum in which to lay the necessary foundation for such appeals and reviews. By act 291 of 1909 an additional forum was provided, namely, the judge in vacation, but upon the express condition that the judge could act only in cases determined during the last three days of the term. It is fundamental that one who invokes the aid of a statute must comply with its concomitant conditions.

But it is argued that we should assume that this judgment was entered in the Logan circuit court during the last three days of its term. Why would we assume a thing as true which is admittedly and demonstrably false? The record does not reflect that this judgment was entered during the last three days of the term, and the

order itself is a court direction and bears no "earmark" of a judge's vacation order. Presumptions that contradict the record proper cannot and should not prevail.

It follows that the motion to strike must be sustained, and it is so ordered.

SMITH and McHANEY, JJ., dissent.

SMITH, J. (dissenting). The fundamental error of the majority opinion is the assumption that in a proceeding in the Scott circuit court an order was made overruling a motion for a new trial which had been held in the Logan circuit court. Of course, this could not be done, but I submit that a proper interpretation of the order overruling the motion for a new trial does not support the finding on which the majority base their action in striking out the motion for a new trial.

It must be remembered that the purpose inducing the exchange of circuits was that Judge Kincannon, the judge of the circuit of which Logan county is a part, was disqualified to preside at the trial of the cause in which the exchange agreement was entered. The records of the Logan circuit court, in which the agreement was entered, after giving the style of the case, proceeds to recite, in its first sentence, that "The presiding judge, J. O. Kincannon, declares his disqualification, and Judge J. Sam Wood, of the 12th circuit, on exchange, agrees to try the case, and the following agreement is filed." It is there recited that the exchanging judges "have agreed to exchange circuits for the length of time as may be necessary to try the case of H. A. Tatum *et al.* v. Sinclair Refining Company, No. 1981, * * *." This, of course, is the case here under consideration.

It is apparent that this case is distinguishable on the facts from the case of *Kory* v. *Dodge,* 174 Ark. 1156, 298 S. W. 505, which appellant cites and relies upon in the brief to dismiss the motion for a new trial. In the Kory case, as the opinion expressly recites, the exchange agreement was effective "for the date of Thursday, September 22, 1927." Beyond and after that date the exchange of circuits was not effective. The agreement in the instant case contains no such limitation as to time. On the con-

trary, it is recited that the agreement shall be effective "for the length of time as may be necessary to try the case of H. A. Tatum, *et al.,* v. Sinclair Refining Company, No. 1981." The disposal of a motion for a new trial is, of course, a part of the agreement. If the regular presiding judge was disqualified to try the case, as he certified himself to be, the disqualification would extend to the disposition of the motion for a new trial. The court order, copied in the majority opinion, does not profess to be an order of the Scott circuit. court, nor is it, in my opinion, susceptible of that construction. It is true it was made at Waldron, in Scott county, and it is true that Judge Wood refers to himself as the court, but there is nothing in the record to support the statement that the Scott circuit court was in session. To what court did the order refer? The caption of the case answers that question. It was the court in which the case of Tatum v. Sinclair Refining Company was pending, which was the Logan circuit court, and not the Scott circuit court. If the question were otherwise in doubt the certificate signed by Judge Wood would remove the doubt. He signs himself as "Judge on Exchange." Certainly he was not the judge of the Scott circuit court "on exchange," for that county is a part of the circuit of which he is the regular judge. The order in question was, therefore, made by the judge of the Logan circuit court having jurisdiction to dispose of any motion essential to the completion of the trial of Tatum v. Sinclair Refining Company, as the exchange agreement expressly provides. If further discussion of this question is not superfluous, it may be said that the order was entered, not upon the records of the Scott circuit court, but upon those of the Logan circuit court, where, as all parties must have understood, it was intended to be.

In the case of *Brown & Hackney* v. *Covington,* 131 Ark. 243, 199 S. W. 87, the facts were that circuit Judge Wood presided at a trial in one of the counties in the circuit of Judge Evans. Later Judge Evans, and not Judge Wood, approved a bill of exceptions in the case. It was held that this was error, as the bill of exceptions should have been submitted to and approved and signed by the

judge who presided at the trial. A headnote in that case reads as follows: "Where a cause is tried by a judge sitting on exchange, he alone can approve the bill of exceptions."

It appears to me that the only question of doubt, or difficulty, in the instant case is whether the personal, physical presence of Judge Wood at the seat of the Logan circuit court was indispensable when he directed the entry of the order overruling the motion for a new trial. The practice here followed conforms to the long usage of all judges presiding in courts consisting of several counties, as does the circuit of which Logan county is a part, where an extension of time is given for the filing of a motion for a new trial. The practice prevails also in settling and signing bills of exceptions where time for their preparation is given to a date beyond the expiration of the term at which the trial was had. The practice is universal to present the bill of exceptions for approval and signature to the presiding judge "wherever he may be found," which is usually in some other county where the judge has gone in his travel of his circuit as the law requires him to do. When the bill of exceptions has been approved, directions for its filing are given, not in the court where the judge chances then to be, but in the office of the clerk of the court where the trial was had.

What good reason is there why the same practice should not be followed, when time has been extended for filing a motion for a new trial, as is nearly always done in the case of bills of exceptions? If we want to be technical, and not practical, why not stand upon the transcript as certified by the clerk of the trial court as reflecting the proceedings of the court? We do know from the record properly before us that the court adjourned to April 8, 1936, which was the date on which Judge Wood overruled the motion for a new trial.

Confining myself to the record before us, I do not judicially know that the conditions named in § 1314, Crawford & Moses' Digest, which the majority quote, do not apply. If they do apply, the motion for a new trial could properly have been overruled by Judge Wood as

presiding judge "wherever he may be found." At any rate, this section is authority for saying that it is not required in all cases that the trial court must actually be in session when an order overruling a motion for a new trial is made.

In the chapter on Judges in 15 R. C. L., page 521, appears the following statement of the law: "In a legal sense the judge of a court is the court, and where a court is composed of only one judge the act of the court is the act of the judge, so that, oftentimes, no distinction can be made between the powers and duties of a judge and those of the court over which he presides. The duties of the office include all those which fairly lie within its scope, those which are essential to the accomplishment of the main purposes for which the office was created, and those which, although incidental and collateral, are germane to or serve to promote or benefit the accomplishment of the principal purposes. All such duties are official, and the incumbent is obliged to perform them, and additional duties of this character may be imposed on him by legislation enacted during his term of office. Duties not so related to an office are unofficial, cannot, as a general rule, rightfully be attached to it, and the incumbent is not obliged to perform them. A judge may not delegate the performance of judicial acts, even with the consent of parties. Judges of the superior courts, though assigned to particular counties, are not county officers, but belong to the judicial department and perform state functions in the discharge of their official duties; and they may be required to perform these duties in counties attached to their judicial districts after their election. Whether a judge may lawfully exercise his judicial power outside the territorial limits of his circuit or district has not been definitely decided, though the question has been considered in several cases without either sanctioning or condemning the practice; but it may be inferred that even if orders so made are irregular, they are probably not considered void."

In my opinion the majority have announced a rule which contravenes the long established usage of trial

judges, and which makes the practical administration of the law more technical and expensive, alike to the judges themselves and to opposing counsel, and also to the counties which must pay the operating expenses of courts.

I, therefore, dissent, and am authorized to say that Mr. Justice McHANEY concurs in these views.